IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAKE LYNN NORWOOD**　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #554009**

v.　　　　　　　　　No: 4:23-cv-00823-BSM-PSH

**DEXTER PAYNE,** *et al.*　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Plaintiff Jake Lynn Norwood filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 5, 2023, while incarcerated at the Arkansas Division of Correction's Varner Unit (Doc. No. 2). Norwood has since paid the full filing and administrative fee (Doc. No. 8). Because Norwood is incarcerated, the Court must review his complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

To state a cognizable claim for money damages under § 1983, a plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir.

1996). Private citizens are not state actors. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008).

Having reviewed Norwood's complaint for screening purposes, the Court directs Norwood to file an amended complaint to clarify his claims. He sues private individuals, business entities, and ADC employees. Doc. No. 2 at 2-4. He does not indicate whether he sues them in their official and/or individual capacities. He alleges that he and his sister[1] were sexually harassed while working at Rick's Quick Stop through a work release program from February 2023 through July 27, 2023. *Id.* at 5. He does not specifically describe this harassment other than stating that Sherry Ricketts, the owner of Lucky's Café, came into Rick's Quick Stop and made comments to him.[2] *Id.* He also alleges that multiple ADC employees have retaliated against him because he made a witness statement regarding Ricketts' actions. *Id.*

To state a § 1983 retaliation claim, a plaintiff must allege: (1) that he engaged in a protected activity; (2) that the government official took adverse action against

---

[1] Norwood has no standing to sue on behalf of his sister. *See Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983).

[2] Although sexual harassment or abuse of an inmate by a prison guard "may in some circumstances constitute the unnecessary and wanton infliction of pain which is forbidden by the Eighth Amendment . . . harassment without any physical contact is insufficient to constitute the unnecessary and wanton infliction of pain." *Philmlee v. Byrd*, No. 4:10cv00221-BSM-HDY, 2010 WL 6549829, at *3 (E.D. Ark), report and recommendation adopted, 2011 WL 1542655 (E.D. Ark.), citing *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000).

him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *See Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis,* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Norwood does not explain how each defendant retaliated against him or explain why they would be motivated to retaliate against him because of the witness statement he made.[3]

Norwood must amend his complaint to clarify who he sues and in what capacity, whether or not defendants are state actors, what claims he intends to bring in this lawsuit, and why he believes his constitutional rights were violated. He must describe specific facts to support his constitutional claims. He should also note that if he sues more than one defendant, he must describe only one factually related incident or issue. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple

---

[3] A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.[4]

The Clerk of Court is directed to send a blank § 1983 complaint form to Norwood. Norwood is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Norwood fails to file an amended complaint conforming to this order within thirty days, some or all of Norwood's claims may be recommended for dismissal.

IT IS SO ORDERED this 17th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).