# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAKE LYNN NORWOOD**                                                                                                 **PLAINTIFF**
**ADC #554009**

v.                                        No: 4:23-cv-00823-BSM-PSH

**RICKY WILLIAMSON**                                                                                                  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jake Lynn Norwood filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 5, 2023, while incarcerated at the Arkansas Division of Correction's Varner Unit (Doc. No. 2). Norwood has since paid the full filing and administrative fee (Doc. No. 8). The Court screened Norwood's amended complaint

(Doc. No. 9) and allowed his retaliation and sexual harassment/assault claims against Ricky Williamson to proceed. *See* Doc. No. 20.

Williamson now moves to dismiss Norwood's claims against him for failure to state a claim upon which relief may be granted on grounds that his actions were not taken under color of state law (Doc. Nos. 16-17). Norwood filed a response and amended response to Williamson's motion (Doc. Nos. 22 & 24). For the reasons described herein, the undersigned recommends that Williamson's motion be granted.

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*,

244 F.3d 623, 627 (8th Cir. 2001).  The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627.  The factual allegations in the complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556).  In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  However, such liberal pleading

standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

### III. Analysis

Norwood alleges that he was sexually harassed and physically assaulted by defendant Ricky Williamson in July of 2023, while working for him in a work-release program. Doc. No. 10 at 7-8. Williamson argues that Norwood fails to state a viable claim for two reasons. First, Williamson was not acting under color of state law and thus subject to suit under 42 U.S.C. § 1983. *See* Doc. No. 17 at 2-5. Second, he argues that Norwood failed to exhaust his administrative remedies before filing a Title VII sexual harassment claim. *Id.* at 5-6. Because the Court finds that Williamson was not acting under color of state law *and* because Norwood did not sue Williamson under Title VII, the Court does not reach Williamson's second argument.

In an action under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Such an action thus can only be filed against a state actor, e.g., an employee of a state or local government, or a person acting under color of state law. *See Moore v. King,* No. 3:15CV00370 JTR, 2017 WL 6271468, at 2 (E.D. Ark. Dec. 8, 2017)(citing *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005)).

A private individual is not subject to suit under § 1983. *See Carlson v. Roetzel & Andress,* 552 F.3d 648, 650 (8th Cir. 2008). In his amended complaint, Norwood asserts that Williamson's actions were taken under color of state law because he held a contract with the Arkansas Division of Correction to employ inmates as part of a work-release program. Doc. No. 10 at 8. For the reasons set forth below, Williamson's arrangement with the Arkansas Division of Correction did not transform him from a private individual into one acting under color of state law.

Private individuals who qualify as individuals acting under color of law typically have contracted with a prison to perform a function that is exclusively reserved to the state, such as providing health care or meals to inmates. *See e.g., West v. Atkins,* 487 U.S. 42 (1988) (Court concluded that a private physician acted under color of state law when he contractually assumed the state's obligation to provide inmates with health care). In *West*, the Supreme Court noted that "[t]he State bore an *affirmative obligation* to provide adequate medical care to West; the State delegated that function to respondent Atkins; and respondent voluntarily assumed that obligation by contract." *Id.* at 56 (emphasis added). See also *Moore v. King,* No. 3:15CV00370 JTR, 2017 WL 6271468, at *3 (E.D. Ark. Dec. 8, 2017) ("Trial courts in the Eighth Circuit have also consistently 'found that contracted food service providers at correctional facilities are government actors for purposes of § 1983 liability because the food service provider has assumed the state's

constitutional obligation to provide a nutritionally adequate diet to inmates.'") (quoting *Jenkins v. Stutsman Cnty. Corr. Ctr. Com'r Chairman*, No. 3:13CV00067, 2015 WL 1458158 at *6 (D.N.D. Mar. 30, 2015)). Thus, because providing food and health care to inmates are affirmative obligations of the state, individuals who contract to provide such services may be considered to be acting under color of law for purposes of § 1983.

Providing employment to prisoners, on the other hand, is not a function traditionally exclusively reserved to the state, and the state has no affirmative obligation to provide work to its prisoners. Courts considering whether supervisors in work release programs acted under color of state law have concluded that an employer of an inmate in a work-release or similar program is a private individual not subject to § 1983 liability. *See King v. Hilgert*, No. 4:13CV3061, 2015 WL 1119451, at *4 (D. Neb. Mar. 11, 2015) (finding prisoner's private corporate employer at state prison did not qualify as a state actor); *Harper v. Bellow*, 2010 WL 6609928 (W.D. Ark. Sept. 20, 2010) (finding work release employer to be a private individual not subject to suit under § 1983); *see also Williams v. Impact Design, LLC,* No. 12-3056-SAC, 2015 WL 5021987, at *4 (D. Kan. Aug. 24, 2015); *Sutton v. Impact Design LLC,* 2013 WL 3147663 *2 (D. Kan. June 19, 2013); *Mitchell v. Sands,* 2007 WL 675728 *3 (D.S.C. Feb. 28, 2007). *See also Moore*, *supra*, fn 7 (specifically noting that while the defendant food services worker was acting under

color of state law, the work release employers in *King* and *Harper* were not because the jobs provided "[were] *not* functions 'traditionally exclusively reserved for the states,' and the state [did] *not* have an 'affirmative obligation' to provide work to prisoners.")

Williamson's argument that his actions were not under color of state law is persuasive. And while Norwood filed a response and amended response to Williamson's motion to dismiss, he offered no factual rebuttal or argument to support his position that Williamson acted under color of state law. As a work-release employer, Williamson was not performing a function exclusively reserved to the state, and the state had no affirmative obligation to provide discretionary employment to its inmates. Accordingly, Norwood's § 1983 claim against Williamson fails because there are no facts alleged to show that Williamson acted under color of state law.

### IV. Conclusion

For the reasons stated herein, it is recommended that Williamson's motion to dismiss (Doc. No. 16) be granted and Norwood's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted. Further, because all of Norwood's claims in this case are subject to dismissal for failure to state a viable claim, dismissal of this action should count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 7th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE