IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAKE LYNN NORWOOD**                                                             **PLAINTIFF**
**ADC #554009**

v.                         **CASE NO. 4:23-CV-00823-BSM**

**RICKY WILLIAMSON**                                                             **DEFENDANT**

## ORDER

Having reviewed the record *de novo*, Magistrate Judge Patricia S. Harris's recommended disposition [Doc. No. 26] is adopted and Jake Norwood's claims are dismissed without prejudice because defendant Ricky Williamson is not a state actor, although he employed Arkansas Division of Correction inmates in a work-release program. *See, e.g.*, *Harper v. Bellew*, No. 4:10-CV-04063, 2010 WL 6609928 (W.D. Ark. Sept. 20, 2010), *R&R adopted*, 2011 WL 1765952 (W.D. Ark. May 10, 2011) (work release employer is a private individual not subject to suit under 42 U.S.C. section 1983). No further analysis is needed on Norwood's sexual harassment claim against Williamson.

The parties, however, have failed to address whether Williamson is a state actor with respect to Norwood's retaliation claim. This is a closer question because Norwood alleges that, once he reported that Norwood had sexually harassed him, Williamson retaliated against him by inducing prison officials to file groundless disciplinary actions against him. Am. Compl. 7–12, Doc. No. 10; *see Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private actor may become a state actor for section 1983 purposes when he willfully

participates "in joint activity with the State or its agents."). This claim ultimately fails too because it is inadequately pleaded.

To state a claim that Williamson conspired with prison officials to retaliate against him, Norwood must plausibly allege that Williamson reached "a mutual understanding, or a meeting of the minds" with them to do so. *Hamilton v. City of Hayti*, 948 F.3d 921, 930–31 (8th Cir. 2020) (citation omitted); *see Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) ("plaintiff must allege with particularity . . . that the defendants reached an agreement"). Merely invoking state legal procedures is insufficient. *Hamilton*, 948 F.3d at 931.

Norwood alleges that: (1) Williamson retaliated against him for reporting Williamson's sexual harassment by fabricating a statement that Norwood had violated work-release rules, Am. Compl. ¶¶ 7–8; (2) Williamson conspired with former defendant Sherry Ricketts to ensure their false statements matched, *id.* ¶¶ 8–9; (3) prison officials continued the retaliation by filing a series of subsequent disciplinaries, insinuating that they did so because of familial ties to Williamson and Ricketts, *id.* ¶¶ 9–12; and (4) "every ADC employee worked in unison to retalate [sic] against [him;] being made aware of the situation none chose to do the right thing and stop the events." *Id.* ¶ 12.

These allegations fail to state a claim because Norwood has not alleged with particularity any facts sufficient to establish the existence of an agreement to retaliate against Norwood between Williamson and prison officials. Filing a witness statement is "mere invocation of state legal procedures." *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir.

1997) (private individual not state actor when "she did no more than provide information to a government agency") (citation omitted).  The allegation that some of the officials involved are related to Williamson and Ricketts does not establish that they reached an agreement to retaliate.  See *Hamilton*, 948 F.3d at 930–31 (allegations that officials who arrested and charged plaintiff were related to a private individual were insufficient to make the individual calling the police on him state action).  Norwood does not allege any other particular facts suggesting the existence of such an agreement.

    For these reasons, Norwood's claims are dismissed without prejudice for failure to state a claim upon which relief may be granted.  But dismissal of this action does not count as a "strike" within the meaning of 28 U.S.C. section 1915(g).

    IT IS SO ORDERED this 7th day of June, 2024.

                                                     UNITED STATES DISTRICT JUDGE